IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

SAIDY TRINIDAD SUCRE LEZAMA,
Petitioner,
v.
MARKWAYNE MULLIN, Secretary of U.S. Department of Homeland Security; *et al*.,
Respondents.

No. 2:26-CV-03340-SAB

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

Before the Court is Petitioner's Petition for Writ of Habeas Corpus, ECF No. 1. Petitioner is represented by Jashan Multani. Respondents are represented by Lawrence Joel Van Daley, Sr.

Petitioner is a native and citizen of Venezuela who entered the United States on May 4, 2023. After entry, she was detained and subsequently paroled into the United States. Petitioner was ultimately put under an Order of Release on Recognizance (OREC) on November 8, 2023. She asserts she has participated in all of her immigration hearings and complied with all release requirements.

On May 16, 2024, an immigration judge dismissed Petitioner's immigration case because U.S. Citizenship and Immigration Services (USCIS) granted her Temporary Protected Status. Respondents assert that, because the immigration

proceedings were dismissed, Petitioner's OREC terminated the same day. Petitioner's Temporary Protected Status was terminated by USCIS on November 21, 2025.

Petitioner was re-detained on August 18, 2026, during an investigation of unlawful hiring after she presented fraudulent documents to obtain employment. Respondents assert that Petitioner is detained pursuant to 8 U.S.C. § 1226(a). A bond hearing was set for September 30, 2026, and Respondents indicate that Petitioner was served with a notice to appear at the time of her arrest.

Respondents assert that, since Petitioner's OREC expired long before she was re-detained, she was not entitled to a hearing before she was re-detained. Respondents further assert that, since Petitioner received a bond hearing "shortly" after she was re-detained, she was afforded adequate process.

The parties agree that Petitioner is detained pursuant to 8 U.S.C. § 1226(a). When determining whether a petitioner held under § 1226(a) has received appropriate due process, courts in this District apply the three-factor *Mathews* test. *See e.g., Rana v. Bondi*, No. 2:26-CV-00244-TL, 2026 WL 472800, at *3 (W.D. Wash. Feb. 19, 2026). Those three factors are (1) "the private interest that will be affected by the official action," (2) "the risk of an erroneous deprivation of such interest through the procedures used, and probable value, if any, of additional or substitute procedural safeguards," and (3) the Government's interest. *Mathews v. Eldridge*, 424 U.S. 319, 334-35 (1976). When evaluating the third factor, Courts must analyze the governmental function involved, as well as the fiscal and administrative burdens that additional or substitute procedures would require. *Id*. at 335.

A finding in favor of an immigration petitioner under *Mathews* requires immediate release in order to restore the status quo. *See e.g., Rana*, 2026 WL 472800, at *4–5; *Lopez Camacho v. Ice Field Office Director*, No. 2:26-CV 00925-RAJ, 2026 WL 1243459, at *8 (W.D. Wash. May 6, 2026); *K.G.M.Q. v. Bondi*,

No. 2:26-CV-00506-TL, 2026 WL 962609, at *12 (W.D. Wash. Apr. 9, 2026); *Kirykovich v. Hernandez*, 2:26-CV-00695, 2026 WL 890459, at *4 (W.D. Wash. Apr. 1, 2026) ("Because the constitutional violation is the absence of pre-deprivation process, the proper remedy is to restore the status quo ante—that is, to return [the petitioner] to the conditions that existed before his unlawful detention."). The status quo is "the last uncontested status which preceded the pending controversy." *Tanner Motor Livery, Ltd. v. Avis, Inc.*, 316 F.2d 804, 809 (9th Cir. 1963) (citation omitted).

The *Mathews* factors weigh in favor of Petitioner. First, Petitioner has a protected liberty interest in remaining free from custody, especially since she was released into the community in 2023. Second, the risk of deprivation of liberty is high: it does not appear that Respondents conducted a hearing at the outset of Petitioner's re-detention to determine an individualized risk of flight or danger. Post-deprivation procedures, such as a bond hearing conducted nearly a month and a half after re-detention, cannot cure constitutional violations that occurred at the outset of detention. *E.A.T.-B. v. Wamsley*, 795 F. Supp. 3d 1316, 1324 (W.D. Wash. Aug. 19, 2025) ("[A] post-deprivation hearing cannot serve as an adequate procedural safeguard because it is after the fact and cannot prevent an erroneous deprivation of liberty."). Regardless of whether Petitioner's OREC expired or what the status of her release was at the time of her re-detention, Respondents do not have unbridled authority to re-detain individuals without providing any sort of pre-deprivation notice or opportunity to challenge the basis for their detention *prior* to being detained. Third, Respondents' interest in re-detaining Petitioner without a hearing is minimal: while holding a hearing would have cost time and money, those costs are outweighed by Petitioner's liberty interests.

As Petitioner's re-detention was the impetus for the pending controversy, the Court finds it appropriate to order her immediate release. *Tanner*, 316 F.2d at 809. Furthermore, having a bond hearing at this stage would not cure the underlying

constitutional violation and immediate release is the only way to return the status quo.

Accordingly, **IT IS HEREBY ORDERED**:

1. Petitioner's Petition for Writ of Habeas Corpus, ECF No. 1, is **GRANTED**.

2. **Within one (1) day of the date of this Order, Respondents shall release Petitioner from immigration detention.** Within two (2) days of the date of this Order, Respondents shall file a certification that Petitioner has been released.

3. Respondents shall not re-detain Petitioner without providing pre-detention notice and affording Petitioner a hearing unless detention becomes statutorily mandated.

4. At any re-detention hearing, Respondents shall bear the burden to show by clear and convincing evidence that Petitioner is a flight risk or a danger to the community.

**IT IS SO ORDERED**. The District Court Executive is hereby directed to file this Order and provide copies to counsel.

**DATED** this 29th day of October 2026.

Stanley A. Bastian
United States District Judge